974

(No. 11642;

Fourth District—August 2, 1972.

John F. McNichols, of Defender Project, of Springfield, for appellant. No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The Illinois Defender Project moved to withdraw as counsel for Defendant-Appellant, John E. Davison, the motion being in conformity with the rule established in *Anders v. State of California,* 386 U.S. 738, 18 L.Ed. 493, 87 S.Ct. 1396. The record shows proof of service of the motion upon defendant. We continued the motion for sixty days in order that defendant might file additional suggestions. This he did in the form of a letter to this Court which we ordered filed and which we take as a response to the Motion.

On September 9, 1970, defendant was indicted for the crime of arson. Counsel was appointed. The usual pretrial motions were filed. Prior to trial defendant's counsel moved for a competency hearing. Two psychiatrists, Doctor Fenton G. Drake and Doctor Milton C. Baumann were appointed to examine the defendant. The defendant was afforded a competency hearing before the Court, jury having been waived. The evidence consisted of the written reports of the two psychiatrists, it being stipulated that they need not be called. Doctor Baumann diagnosed defendant's condition as "* * * borderline mental retardation with minimal brain damage * * *." Doctor Baumann stated that, in his opinion, defendant was able to understand the charge against him, that he was sane and capable of standing trial. Defendant had been an inmate of the Lincoln State School for a period of eleven years, having been released from that institution in 1966. Doctor Drake's diagnosis was

"\* \* \* mildly retarded I.Q. \* \* \*.", he found no evidence of psychosis. It was Doctor Drake's opinion that the defendant understood the nature of the charge and that defendant was able to cooperate in his defense. The trial judge found the defendant competent to stand trial.

On January 7, 1971, defendant and his attorney appeared before the Court, the State's Attorney also appeared and advised the Court that they had negotiated a plea. The agreement was that in exchange for a plea of guilty the State's Attorney would recommend a sentence of one to ten years. The Court concurred in the conditions and terms of the negotiated plea, accepted the plea and imposed the recommended sentence.

We have examined the record, and it demonstrates that defendant was competently represented. The appropriate pretrial motions were filed, including discovery of the People's evidence. Prior to accepting the plea the Court admonished the defendant as to the nature of the charge and determined that it was understood by the defendant, he advised defendant of the minimum and maximum limits of the sentence prescribed by the statute; he advised defendant of his right to trial by jury and explained how a jury was selected, its function and the burden of proof required in a criminal case. He admonished defendant as to his right to confront the witnesses and to call witnesses in his own behalf. He ascertained that no threats or promises (other than the agreement as to recommendation with reference to sentence) had been made to defendant, and established the factual basis for the plea. This record demonstrates a thorough, detailed and explicit compliance with all of the requirements of Rule 402. It establishes an intelligent, voluntary plea taken in conformity with the Rule.

Defendant, in his response to the motion, raises certain issues which are dehors the record and therefore not available to him on direct appeal. His contention that he was not admonished concerning his right to trial by jury is refuted by the record which contains a full and complete explanation by the trial court with intelligent responses by defendant.

He also urges that he could "probably" have gotten probation. The filing of a Petition for Probation was waived in open court and defendant expressly concurred in the waiver.

We agree that this record reveals no justiciable issue for review, and that this appeal is frivolous and without merit. The Motion of the Defender Project to withdraw as counsel for defendant-appellant is allowed and the judgment of the trial court is affirmed.

TRAPP, P. J., and CRAVEN, J., concur.